## JIM BROWN v. THE STATE.

No. 9279.     Delivered June 3, 1925.

Rehearing Denied October 21, 1925.

1.—Manslaughter—Charge of Court—Defense of Another—Improperly Submitted.

Where on a trial for murder resulting in a conviction of manslaughter, appellant's defensive theory was self defense, in defending his brother against an assault by deceased, it was error for the court in his charge to limit the right of appellant to defend his brother, to his knowledge of who was the aggressor, his brother, or deceased, and to exclude the right of self-defense if appellant was acting as a principal with his brother, in the difficulty.

2.—Same—Continued.

The charge is further erroneous in that it predicates appellant's right to defend his brother, upon whether or not he was acting himself as a principal, with his brother. If the brother of appellant was acting in his rightful self-defense, then the appellant had the right to act in behalf of said brother, whether he was acting as a principal or not. See Condron v. State, 138 S. W. 596 and other cases cited by appellant.

ON REHEARING.

**3.—Same—Charge of Court—Practice on Appeal.**

In a motion for rehearing appellant presents that our original opinion does not dispose of his proposition, of appellant's right to act in defense of his own person. Having reversed the case for error pointed out, we do not deem it expedient, or necessary to give further expression upon the subject. We fail to discover in the record any exceptions to the court's main charge, or special charge requested presenting such issue to the trial court, and the motion for rehearing is overruled.

Appeal from the District Court of Floyd County. Tried below before the Hon. R. C. Joiner, Judge.

Appeal from a conviction of manslaughter; penalty, five years in the penitentiary.

The opinion states the case.

*L. G. Mathews,* and *Williams & Martin,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in Floyd County for the offense of manslaughter and his punishment assessed at confinement in the penitentiary for a term of five years.

A few months before the killing appellant and deceased, who were brothers-in-law, had a difficulty in which deceased inflicted rather serious injuries on the defendant and there had been more or less ill-feeling between them since that time. It seems from the evidence that the deceased had promised appellant's father and mother, who were his father and mother-in-law, his car in which to make a trip and that John Brown, a minor brother of the defendant had done work on the car and had incurred some expense on the same in making it ready for the trip. The record further shows that when the deceased learned that appellant was to go with his father and mother, he then refused to allow them to use his car and some controversy arose as to who would pay for the work and repairs that had been made on it. Appellant's sister, who was the wife of the deceased, sent John Brown, appellant brother, word the day of the difficulty that if he would come and place a radius rod on the car that he would be paid for the same. Deceased and appellant. together with appellant's two brothers and other parties met on the day of the homicide at the home of one Marrs, another brother-in-law, where it seeemed they had arranged to meet to go in swimming. John Brown, it seems, started to put the radius rod on deceased's car, and deceased then told Brown that he would not pay him for the same. A controversy arose between them and deceased advanced on John Brown

and Brown struck at him, or struck him with a radius rod. The undisputed testimony shows that John Brown was a boy eighteen or nineteen years of age, weighing about one hundred and twenty pounds and the deceased was a mature man weighing some one hundred and sixty pounds. In the difficulty at Marrs' home where the killing occurred, deceased had John Brown down on the ground and was biting him when appellant shot the deceased. Both sides introduced threats made by the opposite parties and appellant introduced testimony showing that deceased had threatened all of the Browns.

The court, after charging on murder, manslaughter and self-defense, gave the following charge:

"In connection with the above and foregoing, you are instructed that if the defendant, Jim Brown, viewed from his standpoint, believed that his brother, John Brown, was in danger of death or serious bodily injury at the hands of Josh Cox and that the said Jim Brown did not know the cause of the difficulty or if John Brown was acting in his rightful defense and defendant was not acting as a principal, he would be warranted in using such force as appeared to him to be necessary to protect his brother John Brown, and in such case, or if you have a reasonable doubt of the intent of the said Jim Brown, you will find the defendant not guilty."

Proper exception was urged to this charge to the effect that it limited the right of the defendant to defend himself or his brother and gave him the right to do so only in the event he was not a principal, and the further objection was made that Jim Brown was given the right to defend his brother only if he did not know the cause of the difficulty, when under the law and the facts in the case, such knowledge does not as a matter of law cut off his defense. The further objection was made to said charge that it assumes John Brown was the aggressor when as appellant claims the facts show that the deceased precipitated the difficulty by advancing upon John Brown. The further objection is made that said charge shifts the burden of proof. We think there can be no question but that the charge is upon the weight of the evidence, and that it denies to Jim Brown, the right to act in defense of his brother if he knew the cause of the difficulty. Under the facts above stated, as well as all the facts disclosed by the record in this case, the court was without authority to say as a matter of law that John Brown, the brother of the defendant, brought on the difficulty and was without authority to say as a matter of law that the appellant could not act in defense of his brother if appellant knew the cause of the difficulty. At least, from the appellant's standpoint, the testimony clearly raises the issue that Cox, the deceased, was the aggressor throughout the entire affray and should the jury have taken this view of the matter they would have had the right to have believed that appellant had the right to act in defense

of his brother notwithstanding the fact that he knew the cause of the difficulty. The charge is further erroneous in that it instructs the jury that before appellant could act in defense of his brother that they must find that his brother was acting in self-defense and that then he could not act in behalf of his brother if he was acting as a principal in the difficulty between the deceased and his brother. As a matter of course, if the brother of appellant was acting in his rightful self-defense then the appellant had the right to act in defense of said brother whether he was acting as a principal or not. Appellant cites the cases of Condran v. State, 138 S. W., 596; Young v. State, 151 S. W., 1046; Black v. State, 145 S. W., 948, and they sustain his contention that the charge above complained of is erroneous.

For the error in giving the charge above set out, it is our opinion that the judgment of the trial court should be reversed and the couse remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant, in his motion for rehearing, suggests that the opinion of the court is incomplete in failing to discuss the right of the appellant to act in defense of his own person. We note in the 9th paragraph of the court's charge that there is reference to the appellant's right to defend his own person. In the opinion, as written, this right is not negatived. Having reversed the case for the error pointed out, we do not deem it expedient or necessary to give further expression upon the subject. Neither in the motion for rehearing nor in such exceptions as were filed to the court's charge, or in any special charge, do we find the court's attention specifically called to the evidence upon which a charge on self-defense, as applied to the appellant's own person, was rendered essential.

The motion for rehearing is overruled.

*Overruled.*